IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| SHOALS TECHNOLOGIES GROUP, LLC, | Case No. 1:25-cv-026-WO |
|---|---|
| Plaintiff, | |
| v. | |
| VOLTAGE, LLC AND NINGBO VOLTAGE SMART PRODUCTION CO., | |
| Defendant. | |

**PLAINTIFF SHOALS TECHNOLOGIES GROUP, LLC'S ANSWER TO DEFENDANTS VOLTAGE, LLC AND NINGBO VOLTAGE SMART PRODUCTION CO.'S COUNTERCLAIMS**

Plaintiff Shoals Technologies Group, LLC ("Plaintiff," or "Shoals"), by and through its undersigned attorneys, hereby submits its Answer to Defendants' Voltage, LLC and Ningbo Voltage Smart Production Co.'s (collectively "Defendants" or "Voltage") Counterclaims ("Counterclaims"), as follows:

Shoals has adopted the headings in the Counterclaims for ease of reference. Shoals denies any factual or legal characterizations or statements in the headings.

1

The opening paragraph of the Counterclaims is a legal conclusion and purported reservation of rights that requires no response.

## I. THE PARTIES

1. Shoals admits on information and belief that Voltage is a limited liability company incorporated under the laws of North Carolina with a principal place of business at 1450 Raleigh Road, Chapel Hill, North Carolina 27517.

2. Shoals admits on information and belief that Ningbo Voltage Smart Production Co. is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at No. 666, Dongsheng Rd., Jiaochuan Jiedao, Zhenhai District, 315221 Ningbo China.

3. Shoals admits that it is a limited liability company duly organized and existing under the laws of Tennessee with its principal place of business located at 1400 Shoals Way, Portland, Tennessee 37148.

## II. JURISDICTION AND VENUE

4. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Shoals admits that this Court generally has subject matter jurisdiction arising under 35 U.S.C. § 1 *et seq.*, 35 U.S.C. §§ 271, 281, 283, 284 and 285, but denies that Voltage is entitled to any relief thereunder. To the extent there are any remaining allegations in paragraph 4 not addressed by the foregoing, Shoals denies them.

5. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Shoals admits that this Court generally has subject matter jurisdiction arising under 28 U.S.C. §§ 1331 and 1338(a), but denies that Voltage is entitled to any relief thereunder. To the extent there are any remaining allegations in paragraph 5 not addressed by the foregoing, Shoals denies them.

6. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Shoals admits that it filed this instant litigation in this judicial district. (ECF No. 1). To the extent there are any remaining allegations in paragraph 6 not addressed by the foregoing, Shoals denies them.

7. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Shoals admits that the Counterclaims were filed following Shoals' initiation of this litigation against Voltage in this judicial district and in the U.S. International Trade Commission. To the extent there are any remaining allegations in paragraph 7 not addressed by the foregoing, Shoals denies them.

### III. FACTUAL BACKGROUND

8. Upon information and belief, admitted.

9. Upon information and belief, admitted.

10. Upon information and belief, admitted.

11. Denied.

12. Upon information and belief, admitted.

13. Upon information and belief, admitted.

14. Upon information and belief, admitted.

15. Upon information and belief, admitted.

16. Admitted.

17. Shoals admits that it filed a complaint in the U.S. International Trade Commission under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, alleging infringement by Voltage of the Asserted Patents and that the ALJ has set a target date of May 1, 2026. *See In re Certain Photovoltaic Trunk Bus Cable Assemblies and Components Thereof*, Inv. No. 337-TA-1438, EDIS Doc. ID 840806 (U.S.I.T.C. Jan. 10, 2025). Shoals admits that the 1438 Investigation is pending. To the extent there are any remaining allegations in paragraph 17 not addressed by the foregoing, Shoals denies them.

18. Shoals admits that it asserted the '375 and '376 Patents against Voltage in this instant litigation. To the extent there are any remaining allegations in paragraph 19 not addressed by the foregoing, Shoals denies them.

19. Shoals admits that it asserted the '254 and '153 Patents against Voltage in the 1365 Investigation and in Case No. 1:23-cv-365 in this court. To the extent

4

there are any remaining allegations in paragraph 19 not addressed by the foregoing, Shoals denies them.

20. Shoals admits that it issued a press release on February 11, 2025, and in further response, states that the cited press release speaks for itself. To the extent there are any remaining allegations in paragraph 20 not addressed by the foregoing, Shoals denies them.

21. Denied.

22. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 and therefore denies them.

23. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 and therefore denies them.

24. Upon information and belief, Shoals admits that Shoals and Voltage filed a Prosecution Bar Stipulation in the 1365 Investigation on September 21, 2023. To the extent there are any remaining allegations in paragraph 24 not addressed by the foregoing, Shoals denies them.

25. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 and therefore denies them.

26. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 and therefore denies them.

27. Shoals admits that Mehgan Peetz and/or Rajiv Bhateja were involved in overseeing the 1365 Investigation and the prosecution of the Asserted Patents. Shoals is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 27 and therefore denies them.

28. Upon information and belief, Shoals admits that Voltage served interrogatory responses on September 27, 2023. To the extent there are any remaining allegations in paragraph 28 not addressed by the foregoing, Shoals denies them.

29. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 and therefore denies them.

30. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 and therefore denies them.

31. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31 and therefore denies them.

32. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32 and therefore denies them.

33. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 and therefore denies them.

34. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34 and therefore denies them.

35. Shoals admits that on February 20, 2024, the Administrative Law Judge issued her *Markman* Order in the 1365 Investigation ("1365 Markman Order"). *See In re Certain Photovoltaic Connectors and Components Thereof*, Inv. No. 337-TA-1365, Order No. 16, EDIS Doc. ID 795598 (U.S.I.T.C. Feb. 20, 2024). Shoals is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 35 and therefore denies them.

36. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36 and therefore denies them.

37. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37 and therefore denies them.

38. Shoals admits that Paragraph 38 shows a reproduction of an email between Ryan Cannon and Paul Johnson, followed by two images labeled Fig. 8 and Fig. 54, respectively. Shoals is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 38 and therefore denies them.

39. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39 and therefore denies them.

40. Shoals admits that Paragraph 40 shows a reproduction of an email between Ryan Cannon and Paul Johnson and a document titled "Examiner-Initiated Interview Summary". Shoals is without knowledge or information sufficient to form

a belief about the truth of the remaining allegations of paragraph 40 and therefore denies them.

41. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 and therefore denies them.

42. Shoals admits that it moved to terminate the 1365 Investigation with respect to the '254 Patent on February 26, 2024. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent any response is required, denied.

43. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43 and therefore denies them .

44. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44 and therefore denies them .

45. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45 and therefore denies them .

46. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46 and therefore denies them .

### Counter Claim I:
### Declaratory Judgment of Unenforceability of All Claims of U.S. Patent No. 12,015,375 Due to Unclean Hands

47. Shoals restates and incorporates by reference its responses to paragraphs 1-46 as if fully set forth herein.

48. Denied.

49. Denied.

## Counter Claim II:

### Declaratory Judgment of Unenforceability of All Claims of U.S. Patent No. 12,015,376 Due to Unclean Hands

50. Shoals restates and incorporates by reference its responses to paragraphs 1-49 as if fully set forth herein.

51. Denied.

52. Denied.

## Counter Claim III:

### Declaratory Judgment of Unenforceability of All Claims of U.S. Patent No. 12,015,375 Due to Inequitable Conduct

53. Shoals restates and incorporates by reference its responses to paragraphs 1-52 as if fully set forth herein.

54. Denied.

55. Shoals admits that it asserted the '254 and '153 Patents against Voltage in the 1365 Investigation and in Case No. 1:23-cv-365 in this court. To the extent there are any remaining allegations in paragraph 55 not addressed by the foregoing, Shoals denies them.

56. Shoals admits that on May 4, 2023, Shoals, with Maschoff Brennan as counsel of record, filed a complaint alleging that Voltage's LYNX Trunk Bus ("LYNX") infringed claims of the '254 Patent and that Shoals later amended its

complaint to allege that Voltage's LYNX product also infringed claims of the '153 Patent. To the extent there are any remaining allegations in paragraph 56 not addressed by the foregoing, Shoals denies them.

57. Shoals admits that Shoals and Voltage filed a Prosecution Bar Stipulation in the 1365 Investigation on September 21, 2023. To the extent there are any remaining allegations in paragraph 57 not addressed by the foregoing, Shoals denies them.

58. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 58 and therefore denies them.

59. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

60. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

61. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

62. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 62 and therefore denies them.

63. Shoals admits that Paragraph 63 shows a reproduction of an email between Ryan Cannon and Paul Johnson, followed by two images labeled Fig. 8 and Fig. 54, respectively. Shoals is without knowledge or information sufficient to form

10

a belief about the truth of any remaining allegations of paragraph 63 and therefore denies them.

64. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 64 and therefore denies them.

65. Shoals admits that Paragraph 65 shows a reproduction of an email between Ryan Cannon and Paul Johnson and a document titled "Examiner-Initiated Interview Summary". Shoals is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 65 and therefore denies them.

66. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 66 and therefore denies them.

67. Shoals admits that it moved to terminate the 1365 Investigation with respect to the '254 Patent on February 26, 2024. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent any response is required, denied.

68. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 68 and therefore denies them.

69. Shoals is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69 and therefore denies them.

70. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

71. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

72. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

73. This paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

74. This paragraph contains legal conclusions to which no response is required. To the extent any response to this paragraph is required, denied.

75. This paragraph contains legal conclusions to which no response is required. To the extent any response to this paragraph is required, denied.

76. Shoals admits that it issued a press release on February 11, 2025. To the extent there are any remaining allegations in paragraph 75 not addressed by the foregoing, Shoals denies them.

77. This paragraph contains legal conclusions to which no response is required. To the extent any response to this paragraph is required, denied.

**Counter Claim IV:**

**Declaratory Judgment of Unenforceability of All Claims of U.S. Patent No. 12,015,376 Due to Inequitable Conduct**

78. Shoals restates and incorporates by reference its responses to paragraphs 1-77 as if fully set forth herein.

79. Shoals restates and incorporates by reference its responses to paragraphs 1-78 as if fully set forth herein.

80. Denied.

81. This paragraph contains legal conclusions to which no response is required. To the extent any response to this paragraph is required, denied.

82. This paragraph contains legal conclusions to which no response is required. To the extent any response to this paragraph is required.

**RESPONSE TO PRAYER FOR RELIEF**

Shoals denies that Voltage is entitled to any of the relief it seeks for its counterclaims.

**PRAYER FOR RELIEF**

**WHEREFORE**, Shoals respectfully requests that the Court grant the following relief:

a) Dismiss the Counterclaims of Voltage with prejudice;

b) Enter judgment in favor of Shoals against Voltage in accordance with Shoals' Complaint;

c) Award Shoals its statutory costs and attorneys' fees in connection with its defense of Voltage's Counterclaims, and in connection with the prosecution of its claims in Complaint, and

13

d) Award Shoals such further relief as this Court deems just and proper.

March 31, 2025                                    Respectfully submitted,

*/s/ Jason D. Evans*

Jason D. Evans, N.C. Bar No. 27808
Jason.Evans@troutman.com
TROUTMAN PEPPER LOCKE LLP
301 S. College St. 33rd Floor
Charlotte, N.C.28202
Tel: 704.916.1502

William Belanger *(Notice of Special Appearance to be Filed)*
William.Belanger@Troutman.com
TROUTMAN PEPPER LOCKE LLP
125 High Street, 19th Floor High Street Tower Boston, Massachusetts 02110-2736
Tel: 617.204.5100

Kimberly E. Coghill *(Notice of Special Appearance to be Filed)*
Kimberly.Coghill@Troutman.com
TROUTMAN PEPPER LOCKE LLP
401 9th Street, N. W.
Suite 1000
Washington, D.C. 20004
Tel: 202.220.1200

***Counsel for Plaintiff Shoals Technologies, LLC***

14

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of North Carolina that, on March 31, 2025, he/she/they caused to be served on the person(s) listed below in the manner shown:

☐ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , North Carolina, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at , North Carolina in the ordinary course of business.

☒ **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

Dated at __Charlotte_____, North Carolina, this 31 day of March, 2025.

*/s/ Jason D. Evans*
Jason D. Evans