IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHOALS TECHNOLOGIES GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:25CV26 |
| VOLTAGE, LLC, and NINGBO VOLTAGE SMART PRODUCTION CO., | ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER AND MEMORANDUM OPINION</u><br><u>OF UNITED STATES MAGISTRATE JUDGE</u>

This matter comes before the Court on pending motions to seal filed at Docket Entries 313, 316, 317, 332, 339, 349, 354, 356, 358, 387, 392, and 395. Because of the volume of these motions, some orientation is critical to resolving them. Appended to this order and memorandum opinion is a chart detailing each motion, the docket entries at issue in that motion, and a brief description of those docket entries.

For the reasons set forth below, the motions will be granted and denied as detailed at the conclusion of this Order.

I. DISCUSSION

A. Legal Standard

The public has a long-established right of access to judicial records. *Nixon v. Warner, Commc'ns, Inc.*,

435 U.S. 589, 597 (1978); *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The right derives from two sources, the common law and the First Amendment. *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 170–71 (4th Cir. 2024). However, the right of access is not absolute and can be rebutted. *Rushford v. New Yorker, Mag.,* Inc., 846 F.2d 249, 253 (4th Cir. 1988). The burden of establishing a right to seal is on the party claiming the need for confidentiality. *Id.*

The common law right of access applies to all judicial records but can be rebutted if "countervailing interests heavily outweigh the public interests in access." *Id.* The First Amendment right of access is narrower and applies only to particular judicial records and

documents. *Doe v. Public Citizen,* 749 F.3d 246, 266 (4th Cir. 2014). To overcome the right to access based on the First Amendment a party must show "a compelling governmental interest" and that the restriction is "narrowly tailored." *Id.*

Federal Rule of Civil Procedure 26(c) empowers the court to "protect a party from undue burden or expense, including by restricting access to materials that constitute confidential research, development, or commercial information." *See Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010). In asking the Court to exercise this authority, though, it is insufficient for a party to broadly assert materials contain confidential or sensitive information without providing "specific underlying reasons for the district court to understand how [a party] reasonably could be affected by the release of such information." *Trs. of Purdue Univ. v. Wolfspeed, Inc.*, No. 1:21CV840, 2023 WL 2776193, at *2 (M.D.N.C. Feb. 28, 203) (quoting *Va. Dep't of State Police*, 386 F.3d at 579).

In weighing a motion to seal, a court must consider less drastic alternatives to sealing and if a motion is allowed, the court must "state the reasons" and explain reasons for "rejecting alternatives to sealing." *Va. Dep't of State Police*, 386 F.3d at 576.

B.    Public Notice

Before addressing a motion to seal, a court must give the public notice and a reasonable opportunity to contest the motion. *Doe*, 749 F. 3d at 272. The duty to provide notice is satisfied when a motion to seal is docketed "reasonably in advance of deciding the issue." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The most recently filed motion at issue was docketed on March 2, 2026, *see* Docket Entry 395, and the other motions have been pending longer. This has provided the public with adequate notice and a reasonable opportunity to intervene, and no objections have been raised. *See, e.g.*, *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (one month and a day satisfied "the 'public notice' prerequisite to entry of a sealing order").

C.    Judicial Records

As referenced earlier, the right of access, whether derived from the common law or the First Amendment, only applies to documents that are judicial records. *See In re United States for an Order Pursuant to 18 U.S.C. § 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Therefore, the Court must determine whether the materials the parties seek to seal are judicial records. Documents are judicial records "if they play a role in the adjudicative process, or adjudicate substantive rights" such as with an "objective of obtaining judicial action or relief." *Id.* at 290-91.

In Docket Entry 332, Voltage moves to seal its pre-trial brief, Docket Entry 331, and Exhibits 1 and 2 in support

2

thereof, Docket Entries 331-1 and 331-2. In Docket Entry 317, Shoals moves, in part, to seal materials related to its pre-trial bench brief and exhibits. The parties submitted these documents to the Court to summarize the expected evidence and arguments for the bench trial, not with an aim of "obtaining judicial action or relief." *In re Order*, 707 F. 3d at 290-91.

Consequently, the materials are not judicial records. *See*, *e.g.*, *Syngenta Crop Prot. LLC. v. Willowood, LLC*, No. 1:15CV274, 2017 WL 11685097, at *1 (M.D.N.C. Sept. 11, 2017). No public right of access applies, and good cause will suffice to seal the bench brief documents. *See Kinetic Concepts, Inc. v. Convatec Inc*, No.1:08CV918, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010); Fed. R. Civ. P. 26(c).

The remaining materials addressed in the motions to seal, Docket Entries 313, 316, 339, 349, 354, 356, 358, 387, 392, and 395 are all judicial records. The documents were submitted with motions, or responses to motions, asking the Court to intervene and rule on the admissibility of certain expert testimony at the bench trial, *see* Docket Entries 313, 316, 349, 354, 356, 387, 392, whether certain communications could be produced at the bench trial, *see* Docket Entry 339, and/or in relation to a motion for a preliminary injunction. *See* Docket entries 358, 395.

In each case the materials were "filed with the objective of obtaining judicial action or relief" which could impact the scope of evidence or other substantive matters and therefore are part of the adjudicative process. *In re Order*, 707 F. 3d at 290-91; *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 173 n.10 (4th Cir. 2024). Consequently, the motions all involve judicial records and at a minimum the common law right of access applies. *See In re Order*, 707 F.3d at 290.

D.      Motions: Shoals Seeks Sealing

1. <u>Docket Entry 313</u>

In Docket Entry 313, Voltage moves to redact portions of its memorandum in support of its Motion to Admit the Prior Testimony of Paul Johnson and seal Exhibits 5-13 of that motion, Docket Entries 312 and 312-1 through 9. It does so pursuant to its duty under the governing Protective Order, *see* Docket Entry 46, to so designate materials marked confidential by an opposing party and/or third party. Thus, Voltage is not asserting confidentiality on its own behalf, and in fact disputes the confidentiality designation of some of this information. *See* Docket Entry 313 at 2-3.

Where the filing party is not the party claiming confidentiality, the party claiming confidentiality must file a response within 14 days to show why sealing is necessary, provide redacted versions of documents that do not need to be fully sealed, and provide unredacted versions of documents if no sealing is required. *See* LR 5.4; Parties' Rule 5.5 Report, Docket Entry 25.

The Fourth Circuit has not clarified which right of access attaches to documents filed with non-dispositive pretrial motions such as this one. *See Smithkline Beecham Corp. v. Abbott Labs.*, No. 1:15CV360, 2017 WL 11552659, at *3 (M.D.N.C. Mar. 7, 2017). Because the admissibility of testimony impacts a substantive (rather than procedural right) of the parties, this constitutes a judicial record. [1]

Therefore, the parties must demonstrate a countervailing interest that outweighs the right to public access for the material to remain sealed. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) ("Under common law, there is a presumption of access accorded to judicial records. This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access.") (citation omitted).

Here, Shoals has not filed a response to support sealing the documents in this motion. Nonetheless, the Court will address each document separately below.

a. Non-Public Materials

The Court will unseal the following non-public judicial records referenced in Docket Entry 313 because it has no information of a countervailing interest outweighing the public right of access.

- Docket Entry 312: redactions about interactions between Maschoff Brennan attorneys, Paul Johnson and Eric Maschoff, much of which has been addressed in court;
- Docket Entry 312-8: Plaintiff's Second Supplemental Response to Voltage's First Interrogatories; and
- Docket Entry 312-9: Plaintiff's Objections and Responses to Third Request for Admissions.

b. Public Materials

The Court will unseal the following judicial records referenced in Docket Entry 313 containing information that is already public in other forums or because it has no information of a countervailing interest outweighing the public right of access.

---

[1] District courts in this Circuit have concluded that documents filed in support of a motion for discovery which involves purely procedural rather than substantive matters are not judicial records and the right of public access does not apply. *See, e.g., Azima v. Del Rosso*, No. 1:20CV954, 2025 WL 2903820, at *1 (M.D.N.C. July 14, 2025); *Lord Corp. v. S & B Tech. Prods., Inc.*, No. 5:09CV205, 2012 WL 895947, at *1

(E.D.N.C. Mar. 15, 2012) (citing *Covington v. Semones*, Civ. Act. No. 7:06CV614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007)); *Kinetic Concepts, Inc. v. Convatec Inc*, No.1:08CV918, 2010 WL 1418312, at *9-10 (M.D.N.C. Apr. 2, 2010).

4

- Docket Entry 312-1: a February 2024 email thread between Maschoff Brennan attorneys admitted into evidence at the bench trial, unsealed;
- Docket Entry 312-2: an excerpt of a transcript of the deposition of Mr. Johnson in the International Trade Commission ("ITC") case,[2] providing information on interactions Mr. Johnson addressed at the bench trial;
- Docket Entry 312-3: an excerpt from Mr. Johnson's testimony in the ITC case, addressing the scope of discovery and testimony on open patent applications and involving information addressed at the bench trial;
- Docket Entries 312-4 and 6: email threads between opposing counsel in this case largely about scheduling depositions;
- Docket Entry 312-5: an excerpt from a transcript of a motion hearing in this case addressing the scope of discovery; and
- Docket Entry 312-7: an excerpt from a transcript of a pre-trial hearing.

### 2. Docket Entry 316

In Docket Entry 316, Voltage moves to seal Exhibit C, Docket Entry 322, to its Motion in Limine No. 1 because it contains materials that Shoals designated as confidential business information. Docket Entry 316-1 at 2. Shoals has responded and states that Exhibit C may be unsealed. Docket Entry 440 at 1-2. The motion to seal, Docket Entry 316, will be denied and Docket Entry 322, will be unsealed.

### 3. Docket Entries 317 and 387

In Docket Entry 317, Shoals moves to seal portions of its bench brief, Docket Entry 325, and Exhibits 1 and 2 to that brief, Docket Entries 326 and 327, proposed findings of fact related to the bench brief, portions of its memorandum in support of its Motion In Limine No. 1, Docket Entry 321, and Exhibits 1, 3, 6, 7, 9, and 10, Docket Entries 321-1 through 321-6 filed in support, and portions of its memorandum in support of its Motion In Limine No. 2, Docket Entry 328, and Exhibits 1 through 4, Docket Entry 328-1 through 328-4, filed in support. Docket Entry 317 at 1.[3]

Shoals argues that the protective orders in this case and the ITC case cover these materials and that the materials contain sensitive business

---

[2] In addition to this case, the parties are involved in separate proceedings before the U.S. International Trade Commission related to the same technology. *Re*: *Certain Photovoltaic Trunk Bus Cable Assemblies and Components Thereof*, Inv. No. 337-TA-1438.

[3] The Motion to Seal references Exhibits 1, 3, 4, 6, 8, 9, and 10 to Motion In Limine No. 1, Docket Entry 317 at 1, but Shoals has moved to seal Exhibits 1, 3, 6, 7, 9, and 10, *see* Docket Entries 319 and 321, and those are the exhibits the Court will address.

information, the disclosure of which could cause substantial harm. *Id.* at 4. In support thereof, Shoals has attached the declaration of one of its attorneys asserting the materials contain confidential business information covered by the protective orders. Docket Entry 317-2.

Voltage's position as to each item in this sealing motion:

- Docket Entry 325: agree
- Docket Entry 326: agree
- Docket Entry 327: disagree
- Docket Entry 321: disagree as to portions
- Docket Entry 321-1: disagree
- Docket Entry 321-2: disagree
- Docket Entry 321-3: disagree
- Docket Entry 321-6: disagree
- Docket Entry 328: disagree as to portions
- Docket Entry 328-2: disagree
- Docket Entry 328-3: disagree
- Docket Entry 328-4: disagree

*See* Docket Entry 387.

As discussed above, a showing of good cause is sufficient to sustain the request to seal materials related to bench briefs, as they are not judicial records.

---

[4] Shoals has recently responded and indicates that a public version of that document with redactions is now available in the ITC case. Docket Entry 440 at 4-5. Shoals states it will substitute a copy of the public version of that document for its previous filing. *Id.* at 5. The motion to seal will be granted to allow the redacted version of Docket Entry 326 to be filed. Insofar as Voltage's

The Court will seal the following items referenced in Docket Entries 316, 317 and 387 on consent of the parties and for good cause shown:

- Docket Entry 326: a copy of the Initial Determination by the Administrative Law Judge ("ALJ") in the ITC case;[4] and
- Docket Entry 325: Shoals's bench brief, containing confidential business information.

The Court will deny the motion to seal as to the following items:

- Docket Entry 325-1, Appendix A to Shoals's bench brief, where neither party seeks sealing;
- Docket Entry 325-2, Appendix B to Shoals's bench brief, where neither party seeks sealing;
- Docket Entry 321, Shoals's Memorandum (Motion in Limine No. 1), where Shoals no longer seeks redactions, *see* Docket Entry 440 at 1;
- Docket Entry 321-2, Exhibit 3 to Shoals's (Motion in Limine No. 1), where Shoals no longer seeks redactions, *see* Docket Entry 440 at 1; and

Motion to Seal, Docket Entry 387, moves to file a copy of Exhibit 1 (Docket Entry 386 in this motion) with redactions inconsistent with the public version from the ITC case, the motion to seal, Docket 387, will be denied for Docket Entry 326.

6

- Docket Entry 321-6, Exhibit 10 to Shoals's (Motion in Limine No. 1), where Shoals no longer seeks redactions, *see* Docket Entry 440 at 1.

4. Docket Entry 317

In Docket Entry 317, Shoals moves to seal numerous documents; the description and determinations of each are set forth below.

**First,** Docket Entry 327 is Exhibit 2 to Shoals's bench brief, an unredacted order from the ITC case containing confidential business information. Shoals has made the requisite showing to support sealing, and its motion under Docket Entry 317 as to Docket Entry 327 is granted.

**Second,** Docket Entries 321-1, 321-3, and 321-5 are excerpts from Dr. Cameron's expert reports. Docket Entry 321-4[5] is an excerpt from the transcript of Dr. Cameron's deposition in the ITC case. Shoals moves to seal them in their entirety, claiming they contain confidential business information as designated in the protective order in the ITC case and this case. Docket 317 at 1-2.

In so doing, Shoals relies on a broad assertion that the materials are

covered by the protective orders in this case and contain confidential business information. But Shoals does not identify the confidential information with any specificity, nor explain how its disclosure would be harmful.

"[C]laims of confidentiality cannot be made indiscriminately and without evidentiary support, even in patent cases where such claims are highly likely to be valid." *Adjabeng v. GlaxoSmithKiline, LLC*, No. 1:12CV568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014). Courts in the Fourth Circuit have repeatedly found that the mere fact that a document is subject to a protective order does not relieve a party from otherwise establishing the need to seal under the constricts of the law. *United States ex rel Thomas v. Duke Univ.*, No. 1:17CV276, 2018 WL 4211375, at *13 (M.D.N.C. Sept. 4, 2018) (citing *Colony Ins. Co.*, No. 1:10CV581, 2012 WL 1047089, at *2 (M.D.N.C. Mar. 28, 2012) (collecting cases)). It is incumbent upon the party moving to seal to provide specific information as to how public access will negatively impact a parties' interest. *See Rahman v. Wells Fargo Bank, N.A.*,

---

[5] In its response, and related motion to seal, Voltage argues that Shoals has not met its burden of showing these documents should be sealed in their entirety. Docket Entry 385 at 8. Voltage has provided versions of Docket Entries 321-4 and 321-5 with limited redactions of its confidential business information and separately moved for the Court to

allow the redactions to remain under seal in Docket Entry 387. In its response, Shoals asserts the redactions improperly target information publicly available and asks the Court to deny Voltage's redactions to Exhibits 7 and 9, Docket Entries 386-1 and 386-2. Docket Entry 440 at 4-7.

7

No. 1:24CV333, 2025 WL 713850, at *5 (M.D.N.C. Mar. 5, 2025)

Insofar as Shoals has moved to seal these items in their entirety without narrowly tailoring the request, the motion to seal is overly broad. The Court will deny the motion without prejudice; Shoals may renew the motion with sufficient specificity and support within 14 days of the entry of this Order. In the interim, Docket Entries 321-1, 321-3, 321-4, and 321-5 shall remain sealed.

With respect to Docket Entries 321-4 and 325-5, Voltage has also filed a motion to seal, Docket Entry 387, asking to file redacted versions of these documents found in Docket Entries 386-1 and 386-2. Shoals moves to file the entirety of these same exhibits under seal but also argues the proposed redactions should be denied because they redact information already publicly available. Docket Entry 440 at 3.

These positions are inconsistent. And although some of the information at issue did arise at the bench trial, those transcripts remain under seal. Voltage's redactions are minimal and limited to specific confidential design elements. The Court will grant Voltage's motion to seal, Docket Entry 387, insofar as it requests redactions to Docket Entries 321-4 and 321-5 (reflected as Docket Entries 386-1 and 386-2 in Voltage's motion).[6]

**Third**, Shoals moves to seal portions of Docket Entry 328, its memorandum in support of its Motion In Limine No. 2 and Docket Entries 328-1 through 328-4, the entirety of Exhibits 1-4, in support thereof. *See* Docket Entry 324.

Voltage agrees that Docket Entry 328-1 contains its confidential business information and has proposed limited redactions. Docket Entries 385 at 1, 9; 386-3. Voltage otherwise asserts that Docket Entries 328-2 through 328-4 should not be sealed. *See* Docket Entry 385 at 2.

Shoals moves to redact, in Docket Entry 328, references to Dr. Stoll's expert report, specifically his opinion regarding whether Maschoff Brennan attorneys violated the prosecution bar in the ITC case. *See* Docket Entry 328 at 9-10. Shoals has not sufficiently demonstrated this material involves confidential business or protected information so as to overcome the right of public access.

The motion to seal is denied with respect to the memorandum in support of Shoal's Motion In Limine No. 2 and Docket Entry 328 will be unsealed.

Docket Entries 328-1, 328-2, and 328-3 (Exhibits 1, 2 and 3) are Mr. Stoll's expert reports prepared in this case or the ITC case. Large portions of the reports are descriptions of Mr. Stoll's background and qualifications, as well as general information on the

---

[6] A noted above, Shoals may file a renewed and more specific motion to seal

these documents in its entirety; they will remain under seal in the interim.

patent process and the law applicable to equitable defenses. This information is not confidential and insofar as Shoals moves to the seal the exhibits in their entirety, the motion is overly broad, not sufficiently supported, and is denied. However, the reports also include information of a more sensitive nature, at least some of which Voltage has moved to redact in Docket Entry 328-1.[7] Consequently, to the extent Shoals may still claim confidentiality of these exhibits, Shoals will be given an opportunity to more narrowly tailor the request to seal these items within 14 days of the entry of this Order. In the interim, <u>Docket Entries 328-1, 328-2, and 328-3</u> will remain sealed.

Docket Entry 328-4 is a transcript from a hearing before the ALJ in the ITC case about the scope and admissibility of evidence. The transcript does not appear to contain any confidential business information and the information before the Court is insufficient to demonstrate a countervailing interest that outweighs the right of public access. The motion to seal is denied with respect to Exhibit 4 and <u>Docket Entry 328-4</u> will be unsealed.

---

[7] In its response and motion to seal, Voltage indicates that Docket Entry 328-1 contains Voltage's confidential business information and proposes redactions. Docket Entries 385, 387. Specifically, Voltage moves to redact two lines of information in Docket Entry 328-1 that refers to specific design elements that Voltage asserts are confidential. Voltage has narrowly tailored its request and

### 5. <u>Docket Entries 349 and 392</u>

In Docket Entry 349, Shoals moves to seal Exhibits 1, 4, and 5 attached to its Opposition to Voltage's Motion In Limine No. 1, Docket Entries 351, 351-1, 351-2, and 351-3. Shoals asserts that Docket Entries 351-1 and 351-2 are documents designated as confidential business information as defined in the protective order in the ITC case and this case, and disclosure would run afoul of the protective orders. Docket Entry 349 at 3-4.

Docket Entry 351 is an excerpt from the Initial Determination by the ALJ in the ITC case. A public version of the Initial Determination is now available, and the pages shown in Docket Entry 351 only have limited redactions. The motion to seal is denied to the extent Shoals moves to fully seal <u>Docket Entry 351</u>, and Shoals is directed to file in the record the publicly available version of the excerpt in Docket Entry 351.

Docket Entry 351-1 is Voltage's privilege log regarding its alternative designs. Both parties have asserted that this item contains confidential business information and should be sealed. Docket Entries 349 at 3-4; 390 at 3. Voltage states the exhibit

shown a countervailing interest in protected this limited information from public access. The Court grants its motion to seal, Docket Entry 387, insofar as it seeks redaction of material in <u>Docket Entry 328-1</u>, regardless of whether Shoals later makes a sufficient showing that the entire document should be sealed.

contains information about the components and configurations of Voltage's alternative designs, disclosure of which could harm its business, Docket Entry 390 at 3, which satisfies the countervailing interest overcoming the right of access. The motion to seal will be granted for Docket Entry 351-1.

Docket Entry 351-2 is Voltage's response to interrogatories; Shoals originally moved to seal this item but now states it may be unsealed. Docket Entry 440 at 1-2. Voltage contends it contains its confidential business information and has filed a motion to allow redactions of its confidential design information, as reflected in Docket Entry 391. To the extent Shoals now indicates Docket Entry 351-2 does not need to be sealed in its entirety, the motion to seal in Docket Entry 349 will be denied. However, Voltage has demonstrated a countervailing interest in protecting its confidential information and has narrowly tailored its redactions. Voltage's motion to seal, Docket Entry 392, will be granted to allow the redactions. The unredacted version of Docket Entry 351-2 may remain sealed, but the redacted version of Docket Entry 351-2 at Docket Entry 391 will be unsealed.

E. Motions: Voltage Seeks Sealing

1. Docket Entry 332

In Docket Entry 332, Voltage moves to seal its pre-trial bench brief and Exhibits 1 and 2 in support, Docket Entries 331, 331-1, and 331-2. Voltage claims confidentiality for some of the

material on its behalf but also moves to seal because other information may contain the confidential business information of Shoals or a third party. Docket Entry 332 at 2-3. These bench brief materials are not judicial records, *see, e.g.*, *Syngenta*, 2017 WL 11685097, at * 1, and therefore, no public right of access applies. Given the confidential nature of information contained in these documents, Voltage has demonstrated good cause to seal. The motion, Docket Entry 332, will be granted and Docket Entries 331, 331-1, and 331-2 shall remain sealed.

2. Docket Entry 339

In Docket Entry 339, Voltage moves to seal its memorandum submitted with its Motion for In Camera Review of Maschoff Brennan documents, Docket Entry 338, and Exhibit 1 in support, Docket Entry 338-1. Voltage asserts the materials "contain information designated CBI by Shoals or a third party in either this litigation or the 1438 Investigation." Docket Entry 340 at 2. The Court recently sealed the privilege log of the emails at the bench trial. *See* Docket Entry 412 at 145. Although the memorandum also contains information that is not confidential, it has detailed references to privilege log entries throughout the document. Therefore, the motion to seal, Docket Entry 339, will be granted. The documents at Docket Entry 338 and 338-1 may remain sealed.

### 3. Docket Entry 354

In Docket Entry 354, Voltage indicates that parts of its Opposition to Shoals's Motion in Limine No. 2, Docket Entry 355, and attached Exhibits 1-2, Docket Entries 355-1 and 355-2, "contain information designated CBI by Shoals or a third party in either this litigation or the 1438 litigation. Voltage disputes the confidentiality of designation of some of this information but has moved to seal it out of an abundance of caution." Docket Entry 354 at 2.

Docket Entry 355 addresses the admissibility of Mr. Stoll's testimony. Docket Entry 355. Voltage is not claiming confidentiality on its behalf, and in its response, Shoals has not claimed or shown that the document includes any privileged, confidential or sensitive business information. *See generally* Docket Entry 440. The motion to seal is denied with respect to the memorandum and Docket Entry 355 shall be unsealed.

Docket Entry 355-1 is a copy of the rebuttal report of the Hon. Scott Kieff, focusing on the patent process and equitable defenses. In its response, Shoals indicates that certain materials, including this exhibit, were filed under seal "because they contained material marked confidential during the Inv. No. 337-TA-1438 (the "1438 Investigation") by third-party Maschoff Brennan." Docket Entry 440 at 2. Shoals further indicates it intends to coordinate "filing unsealed version on behalf of Maschoff Brennan if Maschoff

Brennan agrees these materials may be unsealed." *Id.*

Courts in the Fourth Circuit have repeatedly found that the mere fact a document is subject to a protective order does not relieve a party from otherwise establishing the need to seal under the constricts of the law. *See, e.g., United States ex rel. Thomas*, 2018 WL 4211375, at *13. Docket Entry 355-1 does not contain any obvious protected or confidential information, and despite allowing an extended response period, *see* Docket Entry 428, Shoals has not provided the Court with sufficient information to find a countervailing interest that outweighs the right of public access. The motion to seal Docket Entry 355-1 is denied and it shall be unsealed.

Docket Entry 355-2 is expert Robert Haskel's rebuttal report. Shoals has responded and agrees that it may be unsealed. *See* Docket Entry 440 at 1-2. Therefore, the motion to seal Docket Entry 355-2 is denied and it shall be unsealed.

### 4. Docket Entry 356

In Docket Entry 356, Voltage moves to seal Docket Entry 357-1, Exhibit A in support of its opposition to Shoals's Motion in Limine No. 1. Voltage is not claiming confidentiality on its behalf, and Shoals now agrees to unseal this exhibit. Docket Entry 440 at 1-2. Therefore, the motion to seal Exhibit A is denied and Docket Entry 357-1 will be unsealed.

Voltage has also filed its opposition memorandum under seal. *See* Docket Entry 357. However, neither the

motion to seal in Docket Entry 356, nor any other motion to seal, moves to seal the opposition memorandum. Thus, Docket Entry 357 will be unsealed.

### 5. Docket Entries 358 and 395

In Docket Entry 358, Shoals moves to redact portions of Docket Entry 361, its memorandum in support of its Motion for Preliminary Injunction and Docket Entries 361-1, 361-2, and 361-3, Exhibits 1, 5, and 6 filed in support thereof. The public right of access to material filed with a motion for preliminary injunction stems from the First Amendment. *See*, *e.g.*, *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, No. 1:23CV629, 2024 WL 1464744, at *2 (M.D.N.C. Apr. 4, 2024); *RLI Ins. Co. v. Nexus Servs., Inc.* No. 5:18CV66, 2018 WL 10602398, at *1 (W.D. Va. Oct 30, 2018). Therefore, the parties must show a compelling interest and that there is no less restrictive alternative. *Doe,* 749 F.3d at 266.

Shoals argues the redactions in Docket Entry 361 and Docket Entries 361-2 and 361-3 contain "sensitive business information, disclosure of which may cause substantial harm to Shoal's competitive position," *see* Docket Entry 358, ¶ 11. Shoals asserts that Docket Entry 361-1 is an excerpt of a document designated as "confidential business information" in the protective order in the ITC case. *Id.*, ¶ 10.

Voltage has responded and indicates that Docket Entries 361, 361-1, and 361-2 contain Voltage's confidential business information that should be sealed and has attached proposed redacted copies. *See* Docket Entry 393 at 1; Docket Entries 393-2, 394. Voltage has also filed a related motion to seal, Docket Entry 395, in which it moves to file a redacted version of Docket Entry 361-3 under seal. *See* Docket Entry 395 at 1.

The interest in preserving the confidentiality of sensitive business information such as "proprietary and trade-secret" information may outweigh the right of access under the First Amendment. *Doe*, 749 F.3d at 269. With respect to Docket Entry 361, Shoals has submitted redactions of confidential internal business information such as numbers relating to profits and references to protected design elements. The redactions are narrowly tailored and there is a compelling interest in protecting the information, the disclosure of which could harm the competitive business interests of the parties. The motion is granted and the redacted version of the brief, Docket Entry 360, will be allowed.

Docket Entry 361-1 is an unredacted copy of the Initial Determination by the ALJ in the ITC case. As noted above, there is now a public version of this document available with redactions. The motion to seal is denied insofar as Shoals moves to seal the full version of the Initial Determination. Shoals is directed to file on the record a copy of the publicly available version of the document to replace the sealed document at Docket Entry 360-1.

Docket Entry 361-2 is a copy of the report of Justin Blok, an accounting expert, addressing Shoals's financial harm and damages. Shoals subsequently provided additional asserts that the report includes significant amounts of sensitive and confidential financial information such as projected revenues, royalty calculations, pricing information, manufacturing capacity, and cost structure information. *See* Docket Entry 440 at 3-4. Redactions are not feasible, Shoals argues, because the majority of the report contains confidential information and the exhibit should be sealed in its entirety. *Id.* at 4. Voltage has filed a response and asserts Docket Entry 361-2 contains some of its confidential business information. Docket Entry 293. Voltage has also filed a motion to seal a redacted version of the exhibit. Docket Entry 395.

The parties have established that Docket Entry 361-2 contains extensive sensitive business information and there is a compelling interest in protecting the information that currently outweighs the right of public access. The Court agrees that the confidential information is peppered throughout the document, and a redacted version of the document would not be practical or useful. The motion to seal, Docket Entry 358, is granted for Docket Entry 361-2 and it can remain sealed in its entirety at this time. Insofar as Voltage moves to seal its confidential information as shown in the redactions, Docket Entry 394, the motion to seal, Docket Entry 395, is also granted.

Docket Entry 361-3 is a declaration of Karen Bazela, a Senior Vice President for Shoals. The declaration includes internal financial information on projects Shoals has bid on and its actual and anticipated losses. Docket Entry 361-3. Shoals asserts that it contains sensitive business information. Docket Entry 358 at 4. The materials lack sufficient support for the Court to find a compelling interest to seal it in its entirety. To the extent Shoals may still claim the exhibit contains confidential information, Shoals will be given an opportunity to make a more sufficient showing and narrowly tailor its request within 14 days of the entry of this Order. In the interim, it shall remain sealed. Docket Entry 361-3 will remain sealed at this time.

II. CONCLUSION

The Court notes that this order provides Shoals with the opportunity to correct deficient justifications for sealing in three different motions involving seven different documents. This is the last such dispensation. The standard for sealing is well-settled. Going forward, there will be no further second chances to provide the Court with the information necessary to make a reasoned determination prior to unsealing.

**IT IS HEREBY ORDRED** that the pending motions to seal are granted and/or, denied as follows:

1. The Motion to Seal, Docket Entry 313 is **DENIED**. The Clerk shall

13

unseal the documents filed at Docket Entries 312, 312-1, 312-2, 312-3, 312-4, 312-5, 312-6, 312-7, 312-8, and 312-9.

2. The Motion to Seal, Docket Entry 316, is **DENIED**. The Clerk shall unseal Docket Entry 322.

3. The Motion to Seal, Docket Entry 317, is **GRANTED IN PART AND DENIED IN PART**. The Clerk shall unseal Docket Entries 321, 321-2, 321-6, 325-1, 325-2, 328, and 328-4.

4. The Motion to Seal, Docket Entry 332, is **GRANTED**.

5. The Motion to Seal, Docket Entry 339, is **GRANTED**.

6. The Motion to Seal, Docket Entry 349, is **GRANTED IN PART AND DENIED IN PART**. The Clerk shall unseal Docket Entry 391.

7. The Motion to Seal, Docket Entry 354, is **DENIED**. The Clerk shall unseal Docket Entries 355, 355-1, and 355-2.

8. The Motion to Seal, Docket Entry 356, is **GRANTED IN PART AND DENIED IN PART**. The Clerk shall unseal Docket Entries 357 and 357-1.

9. The Motion to Seal, Docket Entry 358, is **GRANTED IN PART AND DENIED IN PART**.

10. The Motion to Seal, Docket Entry 387, is **GRANTED IN PART AND DENIED IN PART**.

11. The Motion to Seal, Docket Entry 392, is **GRANTED**.

12. The Motion to Seal, Docket Entry 395, is **GRANTED**.

**IT IS ORDERED** that, on or before fourteen days from the entry of this Order, Shoals is directed to replace the current filings at Docket Entries 326, 351, and 360-1 with the corresponding pages from the public version of the February 6, 2026, Initial Determination by the ALJ in the ITC case.

**IT IS ORDERED** that, on or before fourteen days of entry of this Order, to the extent Shoals still asserts Docket Entries 321-1, 321-3, 321-4, and 321-5 (Exhibits 1, 6, 7, and 9 to Shoals's Motion In Limine No. 1), Docket Entries 328-1, 328-2, and 328-3 (Exhibits 1, 2, and 3 to Shoals's Motion In Limine No. 2), and Docket Entry 361-3 (Exhibit 6 to Shoals's Motion for Preliminary Injunction) contain confidential information, Shoals is directed to make a renewed showing in support of its request to seal with narrowly tailored redactions of confidential information along with explanation for the court to understand how disclosure of the redacted material would harm the party.

Any proposed redactions of Docket Entries 321-4 and 321-5 (Exhibit 7 and 9 to Motion In Limine No. 1) and Docket Entry 328-1 (Exhibit 1 to Motion In Limine No. 2) should also include the redactions of Voltage's confidential information as allowed by the Court and as shown in Docket Entries 386-1, 386-2, and 386-3. If Shoals fails to file documents within

the time allowed, the exhibits will be
unsealed as specified above.


_____
JoAnna Gibson McFadden
United States Magistrate Judge

April 13, 2026
Durham, NC

15

## APPENDIX A

### Docket Entry 313

| | |
|---|---|
| Memorandum, redactions at pages 3-8, 10-11, 14-15 | DE 312 |
| Exh. 5, Feb. 2024 Emails between Maschoff Brennan Attorneys | DE 312-1 |
| Exh. 6, May 21, 2025, Johnson Deposition Testimony | DE 312-2 |
| Exh. 7, Johnson Hearing Testimony from ITC | DE 312-3 |
| Exh. 8, Oct. 2025, emails regarding deposition of Maschoff Brennan Attorneys | DE 312-4 |
| Exh. 9, Excerpt of Tr. of Motions Hearing on 11/12/25 | DE 312-5 |
| Exh. 10, November 21, 2025 emails regarding depositions | DE 312-6 |
| Exh. 11, Excerpt of Tr. of Hearing before Judge Urbanski on 1/29/2026 | DE 312-7 |
| Exh. 12, Plaintiff's Second Supp. Resp. to First Interrogatories | De 312-8 |
| Exh. 13, Plaintiff's objections and responses to Third Request for Admissions | DE 312-9 |

### Docket Entry 316

| | |
|---|---|
| Exh. C, Plaintiff's First Supp. Responses to Second Set of Interrogatories | DE 322 |

16

| Shoal's Pre-trial Brief (Docket Entry 325) | DE 325 |
|---|---|
| Exh. 1 to Shoal's Bench Brief, Initial Determination by ALJ judge in ITC case dated 2/6/2026 (Docket Entry 326) | DE 326 |
| Exh. 2 to Shoals's Bench Brief, Order No. 19 | DE 327 |
| Memorandum (Mot. In Limine No. 1) | DE 321 |
| Exh. 1, Expert Report of Dr. Cameron, Phd (prepared for this case) | DE 321-1 |
| Exh. 3, Rebuttal Expert Report of Dr. Cameron from ITC case | DE 321-2 |
| Exh. 6, Opening Expert Report of Dr. Cameron, PhD from ITC case (table of contents) | DE 321-3 |
| Exh. 7, Excerpt of Tr. from deposition of Dr. Cameron ion 11/14/25/ in ITC case | DE 321-4 |
| Exh. 9, Reply Expert Report of Dr. Cameron on Equitable Defenses (prepared for this case) | DE 321-5 |
| Exh. 10, Initial Determination by ALJ judge in ITC case dated 2/6/2026 | DE 321-6 |
| Memorandum (Mot. In Limine No. 2), | DE 328 |
| Exhibit 1, Expert Report of Mr. Stoll (prepared for this case) | DE 328-1 |
| Exhibit 2,Reply Expert Report of Mr. Stoll | DE 328-2 |
| Exhibit 3, Expert Report of Mr. Stoll in ITC case | DE 328-3 |
| Exhibit 4,Tr. from July 16, 2025, Motion to Strike Hr'g in ITC case | DE 328-4 |

Docket Entry 332

| Defendant's Bench Brief | DE 331 |
|---|---|
| Exh. 1,  Timeline on Unclean Hands/Inequitable Conduct | De 331-1 |
| Exh. 2, Def. Amended Trial Exh. List | De 331-2 |

## Docket Entry 339

| Memorandum In Support of In Camera Review | DE 338 |
| Exh. 1, Maschoff Brennan Privilege Log | DE 338-1 |

## Docket Entry 349

| Exh. 1, Initial Determination by ALJ judge in ITC case dated 2/6/2026 | DE 351 |
| Exh. 4, Voltage Privilege Log on Alt. Designs | DE 351-1 |
| Exh. 5, Defendants Fifth Supp. Objections and Responses to First Interrogatories | DE 351-2 |

## Docket Entry 354

| Memorandum. Opposing Mot. In Limine No. 2 | DE 355 |
| Exh. 1, Rebuttal Expert Report of Hon. Scott Kieff (prepared for this case) | DE 355-1 |
| Exh. 2, Rebuttal Expert Report of Robert Haskell | DE 355-2 |

## Docket Entry 354

| Memorandum In Opposition to Motion In Limine No. 2 | DE 357 |
| Exh. A, Rebuttal Expert Report of Dr. Daniel Codd | DE 357-1 |

## Docket Entry 358

| Memorandum, at 7, 9, 11, 13, 14, 17, 19 | DE 361 |
| Exh. 1, Initial Determination by ALJ (dated 2/6/2026) | DE 361-1 |
| Exh. 5, Expert Report of Justin Bok (prepared for this case) | DE 361-2 |
| Exh. 6, Decl of Karen Bazel, Senior VP Shoals | De 361-3 |

18

## Docket Entry 387

| | |
|---|---|
| Exh. 1 to Bench Brief, Complete Initial Determ. (DE 326) | DE 386 |
| Exh. 7 to Mot. In Lim #1, Excerpt of Tr. from deposition of Dr. Cameron on 11/14/25/ in ITC case(DE 321-4) | DE 386-1 |
| Exh. 9 to Mot. In Lim. #1, Reply Expert Report of Dr. Cameron on Equitable Defenses (prepared for this case)(DE 321-5) | DE 386-2 |
| Exh. 1 to Mot. In Lim. #2, Expert Report of Robert Stoll (DE 328-1) | DE 386-3 |

## Docket Entry 392

| | |
|---|---|
| Exh. 5 to Voltage's Resp (DE 390) to Motion to Seal (DE 349) | DE 391 (and 351-2) |

## Docket Entry 395

| | |
|---|---|
| Exh. 5 to Voltage's Resp (DE 393) to Motion to Seal (DE 358) | DE 394 (and 361-2) |