IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHOALS TECHNOLOGIES   )
GROUP, LLC,   )
   )
      Plaintiff,   )
   )
      v.   )      1:25CV26
   )
VOLTAGE, LLC, and NINGBO   )
VOLTAGE SMART PRODUCTION   )
CO.,   )
   )
      Defendants.   )

## <u>ORDER AND MEMORANDUM OPINION</u><br><u>OF UNITED STATES MAGISTRATE JUDGE</u>

This matter comes before the Court on the plaintiff Shoals' motions to seal, filed in Docket Entries 302 and 334, and the defendant Voltage's motion to seal filed in Docket Entry 372. For the reasons set forth below, the Court grants in part and denies the motions to seal in Docket Entries 302 and 334. The Court denies the motion to seal in Docket Entry 372.

### I.    DISCUSSION

### A.  Legal Standard

The public has a long-established right of access to judicial records. *Nixon v. Warner, Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The right derives from two sources, the common law and the First Amendment. *United States ex rel.*

*Oberg v. Nelnet, Inc.*, 105 F.4th 161, 170–71 (4th Cir. 2024). However, the right of access is not absolute and can be rebutted. *Rushford v. New Yorker, Mag.,* Inc., 846 F.2d 249, 253 (4th Cir. 1988). The party claiming the need for confidentiality bears the burden of establishing the right to seal. *Id.*

The common law right of access applies to all judicial records but can be rebutted if "countervailing interests heavily outweigh the public interests in access." *Id.* The First Amendment right of access is narrower and applies only to particular judicial records and documents. *Doe v. Public Citizen,* 749 F.3d 246, 266 (4th Cir. 2014). To overcome the right to access based on the First Amendment a party must show "a compelling governmental

interest" and that the restriction is "narrowly tailored." *Id.*

Federal Rule of Civil Procedure 26(c) empowers the court to "protect a party from undue burden or expense, including by restricting access to materials that constitute confidential research, development, or commercial information." *See Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010). In asking the Court to exercise this authority, though, it is insufficient for a party to broadly assert materials contain confidential or sensitive information without providing "specific underlying reasons for the district court to understand how [a party] reasonably could be affected by the release of such information." *Trs. of Purdue Univ. v. Wolfspeed, Inc.*, No. 1:21CV840, 2023 WL 2776193, at *2 (M.D.N.C. Feb. 28, 203) (quoting *Va. Dep't of State Police*, 386 F.3d at 579).

In weighing a motion to seal, a court must consider less drastic alternatives to sealing and if a motion is allowed, the court must "state the reasons" and explain reasons for "rejecting alternatives to sealing." *Va. Dep't of State Police*, 386 F.3d at 576.

### B. Public Notice

Before addressing a motion to seal, a court must give the public notice and a reasonable opportunity to contest the motion. *Doe*, 749 F.3d at 272. The duty to provide notice is satisfied when a motion to seal is docketed "reasonably in advance of deciding the issue." *Stone v. Univ. of Maryland*

*Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The most recently filed motion at issue was docketed on March 2, 2026, *see* Docket Entry 395, and the other motions have been pending longer. This has provided the public with adequate notice and a reasonable opportunity to intervene, and no objections have been raised. *See, e.g.*, *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (one month and a day satisfied "the 'public notice' prerequisite to entry of a sealing order").

### C. Judicial Records

As referenced earlier, the right of access, whether derived from the common law or the First Amendment, only applies to documents that are judicial records. *See In re United States for an Order Pursuant to 18 U.S.C. § 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Therefore, the Court must determine whether the materials the parties seek to seal are judicial records. Documents are judicial records "if they play a role in the adjudicative process, or adjudicate substantive rights" such as with an "objective of obtaining judicial action or relief." *Id.* at 290–91.

In Docket Entries 302 and 334, Shoals moves to seal documents pertaining to its Motion for Leave to Take Additional Deposition and its Reply in support of that motion. In Docket Entry 372, Voltage moves to seal documents pertaining to its

Opposition to an expedited briefing schedule for Shoals' Motion for a Preliminary Injunction.

The Motion for Leave to Take Additional Deposition is a discovery motion which addresses only the timing and scheduling of an expert deposition, purely procedural discovery matters. Likewise, the Opposition to expedited briefing involves only procedural issues about response times for filing documents.

"The Fourth Circuit has not clarified which right of access, or if any right of access, attaches to documents filed with non-dispositive pretrial motions, such as documents related to discovery motions." *Smithkline Beecham Corp. v. Abbott Labs.*, No. 1:15CV360, 2017 WL 11552659, at *3 (M.D.N.C. Mar. 7, 2017). However, district courts in this Circuit have concluded that documents filed in support of a motion for discovery which involves purely procedural rather than substantive matters are not judicial records and the right of public access does not apply. *See, e.g.*, *Azima v. Del Rosso*, No. 1:20CV954, 2025 WL 2903820, at *1 (M.D.N.C. July 14, 2025); *Lord Corp. v. S & B Tech. Prods., Inc.*, No. 5:09CV205, 2012 WL 895947, at *1 (E.D.N.C. Mar. 15, 2012) (citing *Covington v. Semones*, Civ. Act. No. 7:06CV614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007)); *Kinetic Concepts, Inc. v. Convatec Inc*, No.1:08CV918, 2010 WL 1418312, at *9-10 (M.D.N.C. Apr. 2, 2010).

Accordingly, the Court finds there is no public right of access to the documents addressed by the motions to seal in Docket Entries 302, 334, and 372. The parties must only show good cause to justify sealing the documents. *See Kinetic Concepts, Inc.*, 2010 WL 1418312, at *10; Fed. R. Civ. P. 26(c).

D. Motions

1. <u>Motions: Shoals Seeks Sealing.</u>

In Docket Entries 302 and 334, Shoals argues that the materials redacted in its memorandum in support of its Motion for Leave to Take Additional Deposition, Docket Entry 305, and sealed Exhibits 1–17 related thereto, Docket Entries 305-1 through 305-17, contain its confidential business information, the disclosure of which may cause substantial harm to Shoals or a third-party. Docket Entry 302, ¶¶ 10–11; Docket Entry 334, ¶ 10.

For Exhibit 18, Docket Entry 336, Shoals argues that the material may contain *Voltage*'s confidential business information. Docket Entry 334, ¶ 11. In support of its motions, Shoals submitted the declarations of its attorney who affirms that the plaintiff seeks to seal materials that include or pertain to confidential business information. Docket Entries 302-2, ¶ 5; 334-2, ¶ 5.

Voltage has responded to the motions, agreeing that Docket Entries 305-2, 305-3, 305-6, 305-7, 305-11, 305-12, 305-13, and 336 (Exhibits 2-3, 6-7, 11-13, and 18) contain Voltage's confidential business information and providing redacted versions of the documents. *See* Docket Entry 379 at 1;

3

Docket Entry 389 at 1. Voltage has attached declarations from counsel explaining that disclosure of the information would harm Voltage's competitive standing by giving competitors "information to develop competing designs and products." Docket Entries 379-1, ¶ 8; 389-1, ¶ 8. Otherwise, Voltage challenges whether the remaining materials sealed by Shoals contain confidential business information. Docket Entry 379 at 4–5.

Despite Shoals' assertion that the materials all involve confidential business information, some of the exhibits clearly do not. Specifically, Docket Entries 305-1, 305-8, 305-9 and 305-10 (Exhibits 1, 8, 9, and 10) are emails between opposing counsel about the length and scheduling of depositions, and the timing of some of the expert report deadlines. The emails are routine communications between counsel and do not contain confidential or privileged information.

Further, Shoals has also redacted portions of its memorandum, Docket Entry 305, citing language from the Administrative Law Judge's (ALJ) Initial Determination in the International United States International Trade Commission (ITC) case. *See* Docket Entry 305 at 16. But the redacted language is now available in the public version of the Initial Determination in the ITC case. Therefore, there is no good cause to redact or seal these materials. The motion to seal will be denied with

respect to <u>Docket Entries 305, 305-1, 305-8, 305-9 and 305-10</u>.

Docket Entries 305-2 through 305-7, and 305-12, 305-13, and 305-17 (Exhibits 2 through 7, 12, 13, 17) are excerpts of expert reports prepared by Dr. Cameron, Dr. Glancey, Dr. Codd or Dr. Kiaehl as part of the ITC case or this case. Docket Entries 305-14 through 305-16 (Exhibits 14 through 16) are excerpts from transcripts of depositions from experts Dr. Codd and Dr. Glancey. Docket Entry 305-11 (Exhibit 11) is an unredacted excerpt from the February 6, 2026 Initial Determination by the ALJ. Docket Entry 336 (Exhibit 18) is an excerpt of the deposition transcript of Dr. James Glancey.

For each of these exhibits, either one or both of the parties have indicated the documents contain some confidential information and a review of the materials indicates sensitive information contained therein. Given that there is no public right of access and the confidential nature of some information contained in these exhibits, the parties have demonstrated good cause to allow the materials in <u>Docket Entries 305-2 through 305-7, 305-11 through 305-17, and 336</u> (Exhibits 2 through 7 and 11 through 18) to remain sealed. Thus, the motion to seal will be granted to that extent.

2. <u>Motions: Voltage Seeks Sealing</u>.

In Docket Entry 372, Voltage moves to seal its Opposition to Shoals' Motion for Expedited Briefing on its Motion

for a Preliminary Injunction, Docket Entry 371, pursuant to its duty under the governing Protective Order, *see* Docket Entry 46, to so designate materials marked confidential by an opposing party and/or third party. Shoals has now responded with its position, agreeing that Voltage's Opposition in Docket Entry 371 may be unsealed. Docket Entry 440 at 1-2. Accordingly, the Motion to Seal in Docket Entry 372 will be denied and Docket Entry 371 will be unsealed.

## II. CONCLUSION

**IT IS HEREBY ORDRED** that the motions to seal in Docket Entries 302 and 334 are **GRANTED IN PART AND DENIED IN PART** and the motion to seal in Docket Entry 372 is **DENIED**.

The Clerk of Court is directed to unseal the memorandum in Docket Entry 305 and the exhibits in Docket Entries 305-1, 305-8, 305-9, 305-10 and 371.

In providing its redacted versions of the exhibits in its responses to Shoals's motions, beyond redacting its confidential business information, Voltage failed to seal the materials at Docket Entry 379. In keeping with the Court's ruling on these motions to seal, the Clerk is directed to correct this oversight and seal Docket Entries 379-3 through 379-8 and 379-12 through 379-15.

JoAnna Gibson McFadden
United States Magistrate Judge

April 13, 2026
Durham, NC

5