IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHOALS TECHNOLOGIES GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) ) | 1:25CV26 |
| v. | ) ) | |
| VOLTAGE, LLC, and NINGBO VOLTAGE SMART PRODUCTION CO., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM OPINION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the defendants' motions to seal filed in Docket Entries 400 and 405.[1] For the reasons set forth below, the motion in Docket Entry 400 will be granted in part and denied in part, and the motion in Docket Entry 405 will be granted.

### I.  DISCUSSION

#### A.  Legal Standard

The public has a long-established right of access to judicial records. *Nixon v. Warner, Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The right

derives from two sources, the common law and the First Amendment. *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 170–71 (4th Cir. 2024). However, the right of access is not absolute and can be rebutted. *Rushford v. New Yorker, Mag.,* Inc., 846 F.2d 249, 253 (4th Cir. 1988). The burden of establishing a right to limit public access is on the party claiming the need for confidentiality. *Id.*

The common law right of access applies to all judicial records but can be rebutted if "countervailing interests heavily outweigh the public interests in access." *Id.* The First Amendment right of access is

identifying the documents at issue in each motion.

[1]  Appended to this order and memorandum opinion is a chart

narrower and applies only to particular judicial records and documents. *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). To overcome the right of access based on the First Amendment a party must show "a compelling governmental interest" and that the restriction is "narrowly tailored." *Id.*

Federal Rule of Civil Procedure 26(c) empowers the court to "protect a party from undue burden or expense, including by restricting access to materials that constitute confidential research, development, or commercial information." *See Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010). In asking the Court to exercise this authority, though, it is insufficient for a party to broadly assert materials contain confidential or sensitive information without providing "specific underlying reasons for the district court to understand how [a party] reasonably could be affected by the release of such information." *Trs. of Purdue Univ. v. Wolfspeed, Inc.*, No. 1:21CV840, 2023 WL 2776193, at *2 (M.D.N.C. Feb. 28, 203) (quoting *Va. Dep't of State Police*, 386 F.3d at 579).

In weighing a motion to seal, a court must consider less drastic alternatives to sealing and if a motion is allowed, the court must "state the reasons" and explain reasons for "rejecting alternatives to sealing." *Va. Dep't of State Police*, 386 F.3d at 576.

The motions to seal in Docket Entries 400 and 405 address materials filed in response to a motion for preliminary injunction. The public right of access for documents filed in connection with a motion for a preliminary injunction stems from the First Amendment. *See*, *e.g.*, *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, No. 1:23CV629, 2024 WL 1464744, at *2 (M.D.N.C. Apr. 4, 2024); *RLI Ins. Co. v. Nexus Servs., Inc., No. 18-CV-66*, 2018 WL 10602398, at *1 (W.D. Va. Oct 30, 2018). Therefore, to seal the materials addressed in the instant motions the parties must show a compelling interest that outweighs the right of public access and that there is no less restrictive way to protect the interest. *Doe*, 749 F.3d at 266.

### B. Public Notice

Before addressing a motion to seal, a court must give the public notice and a reasonable opportunity to contest the motion. *Doe*, 749 F. 3d at 272. The duty to provide notice is satisfied when a motion to seal is docketed "reasonably in advance of deciding the issue." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The most recently filed motion at issue was docketed on March 11, 2026, *see* Docket Entry 405, and the other motion has been pending longer. This has provided the public with adequate notice and a reasonable opportunity to intervene, and no objections have been raised.

2

*See, e.g.*, *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (one month and a day satisfied "the 'public notice' prerequisite to entry of a sealing order").

### C. Docket Entry 400

In Docket Entry 400, Voltage moves to redact its Opposition to Shoals' Motion for Preliminary Injunction, Docket Entry 398, and moves to seal Exhibits 1-5 and 7-18 attached to the Opposition, Docket Entries 398-1 through 398-5, and 398-6 through 398-17. For some of these materials Voltage moves to protect its own confidential information, but for other materials Voltage moves pursuant to its duty under the governing Protective Order, *see* Docket Entry 46, for materials marked confidential by an opposing party and/or third party.

### 1. Materials: Voltage Asserts Confidentiality

Voltage asserts that statements in its Opposition (Docket Entry 398) and Exhibits 1, 7-9, and 14-18 (Docket Entries 398-1, 398-6 through 398-8, and 398-13 through 398-17) contain its confidential business information and therefore should be sealed. Docket Entries 401 at 5-6, 9; 400-1 at 2-3. First, Voltage moves to redact several lines of information on two

pages of its Opposition brief. *See* Docket Entry 398 at 28, 30.[2] Voltage asserts the statements contain "confidential information on Voltage's sales and business strategies," the disclosure of which will reveal proprietary information and harm its competitive standing. Docket Entry 401 at 6.

The interest in preserving the confidentiality of sensitive business information such as "proprietary and trade-secret" information may outweigh the right of access under the First Amendment. *Doe*, 749 F.3d at 269. However, as noted above, any efforts to seal must be narrowly tailored. *Va. Dep't of State Police*, 386 F.3d at 576.

Voltage's proposed redactions are limited in nature and focus on manufacturing and shipment times, the disclosure of which could harm Voltage's competitive standing. Thus, Voltage has demonstrated a compelling interest in protecting the information it seeks to redact and has narrowly tailored its request. The Court grants the motion to seal with respect to the proposed redactions in Docket Entry 398. Furthermore, as Shoals has not asserted the need to seal any additional information in the Opposition brief, the document may otherwise be unsealed. Voltage is directed to file in the record a publicly available copy of the Opposition with

---

[2] All citations in this Memorandum Opinion and Order to documents filed with the Court refer to the page numbers

located at the bottom right-hand corner of the documents as they appear in CM/ECF.

the redactions as reflected in Docket Entry 398.

For the exhibits, Voltage has moved to seal the materials in their entirety and asserts it "is not aware of any less drastic means for protecting this sensitive information from public disclosure." Docket Entry 401 at 9.

Specifically, for Docket Entries 398-1 and 7 (Exhibits 1 and 8), Voltage states that the documents contain "internal layouts and configurations of its alternative designs." Docket Entries 400 at 3; 400-1 at 2-3.

Docket Entry 398-1 (Exhibit 1) is Shoals' Petition for Commission Review of the 1438 Investigation in the ITC case. Docket Entry 398-7 (Exhibit 8) is an excerpt from Daniel Codd's expert report. Docket Entry 398-1 appears to contain proprietary design information but also contains non-confidential information throughout the 30-page exhibit, including excerpts from a press release, legal standards, and Shoals' arguments. Likewise, Docket Entry 398-7 contains design specifics, but also contains numerous pages of non-confidential information such as introductory information and background information on Dr. Codd.

For Docket Entries 398-8, 398-13, 398-15, and 398-16 (Exhibits 9, 14, 16, and 17, respectively), Voltage asserts the materials should be sealed because the exhibits contain "confidential information on Voltage's sales and business

strategies." Docket Entries 401 at 7; 400-1 at 2.

Docket Entry 398-8 (Exhibit 9) is an excerpt from a hearing transcript of the testimony of Ryan Herring in the ITC case, addressing Voltage's inventory practices and addressing the Shoals' expert opinion regarding the satisfaction of the economic prong of the domestic industry requirement. Docket Entry 398-16 (Exhibit 17) is an excerpt from Mr. Herrington's Rebuttal Expert Report in the ITC case. While some of the information in these exhibits may be confidential, the documents also contain non-confidential information throughout.

Docket Entry 398-13 (Exhibit 14) is an excerpt of the deposition of Abran Olson, a corporate representative of Voltage. A substantial portion of the 14-page excerpt is introductory information or otherwise non-confidential material.

Docket Entry 398-15 (Exhibit 16) is a transcript of the July 9, 2025, deposition of Jurgen Krehnke, a former Voltage employee. The transcript addresses details of Voltage's U.S. inventory practices and production time for its LYNX products. *Id.* While it may contain confidential information, the document also includes information

4

already publicly available in other documents.[3]

Consequently, for each of the exhibits in Docket Entries 398-1, 398-7, 398-8, 398-13, 398-15, and 398-16, while the documents may contain confidential information, they also contain information which does not warrant sealing, in some cases substantial amounts. In its motion, Voltage has not precisely identified the information it deems sensitive and confidential or explained why such information cannot be redacted. Instead, Voltage rests on its blanket assertion that there is no way to more narrowly tailor its request to seal. Docket Entry 401 at 9. However, Voltage has failed to demonstrate a compelling interest that warrants sealing the exhibits in their entirety. Nor is it incumbent upon the Court to sort through the documents to identify information that may be sealed. *See Sacks Holdings, Inc. v. Grin Nat. USA Ltd.*, No. 1:23CV1058, 2025 WL 2718967, at *2 (M.D.N.C. Sept. 24, 2025) ("While a court will sometimes sort through an overbroad motion to seal if it is not too complicated, it has no duty to do so.").

Accordingly, the motion to seal is denied as overly broad insofar as Voltage moves to seal Docket Entries 398-1, 398-7, 398-8, 398-13, 398-15,

and 398-16, in their entirety. However, Voltage will be given an opportunity to more narrowly tailor the request to seal these exhibits within 14 days of the entry of this Order. In the interim, <u>Docket Entries 398-1, 398-7, 398-8, 398-13, 398-15, and 398-16</u> will remain sealed.

Docket Entries 398-6 and 398-14 (Exhibits 7 and 15) are unofficial transcripts of the bench trial proceedings. Because those transcripts remain under seal, the Court will grant the motion to seal with respect to <u>Docket Entries 398-6 and 398-14</u>.

Docket Entry 398-17 (Exhibit 18) is a three-page chart reflecting specific shipping time frames for the LYNX product. Voltage asserts that this is confidential information abouts its sales process, the disclosure of which will harm its competitive standing. Docket Entries 400 at 3; 401 at 6. Thus, Voltage has shown a compelling interest in keeping this information private and that there is no less restrictive way to protect the information. The Court will grant the motion to seal with respect to <u>Docket Entry 398-17</u>.

---

[3] For example, the fact that Voltage does not maintain an inventory of LYNX in the United States is information already openly available in the public version of

the Initial Determination by the ALJ in the ITC case. *See Re: Certain Photovoltaic Trunk Bus Cable Assemblies and Components Thereof*, Inv. No. 337-TA-1438.

### 2. Materials: Shoals Asserts Confidentiality

With respect to Docket Entries 398-2 through 398-5 and 398-9 through 398-12 (Exhibits 2-5 and 10-13), Voltage has moved to seal materials marked confidential by Shoals or a third-party pursuant its duty under the Protective Order. *See* Docket Entries 46; 400 at 4. Voltage is not asserting confidentiality on its behalf for these documents, and in fact disputes the confidentiality of these materials. Docket Entry 400 at 4.

Where the filing party is not the party claiming confidentiality, the party claiming confidentiality must file a response within 14 days to show why sealing is necessary, provide redacted versions of documents that do not need to be fully sealed, and provide unredacted versions of documents if no sealing is required. *See* LR 5.4; Parties' Rule 5.5 Report, Docket Entry

25. Shoals has not filed a response to support sealing any of the documents and the time for doing so has expired.

However, the district court recently placed Docket Entries 398-2, 398-3, 398-4, and 398-5 (Exhibits 2-5) under seal, at least temporarily, at the bench trial. Therefore, the Court will grant the motion to seal with respect to Docket Entries 398-2, 398-3, 398-4, and 398-5.[4]

Docket Entries 398-9 through 398-12 (Exhibits 10-13) are excerpts from various depositions.[5] Voltage disputes the confidentiality of the materials in these exhibits, *see* Docket Entry 400 at 4, and Shoals has not responded to address the need, if any, to seal these exhibits. Without Shoals' response, the information before the Court is insufficient to demonstrate a compelling interest that outweighs the right to public access for Exhibits 10-13. Accordingly, the Court will

---

[4] Exhibit 2 is a copy of February 21, 2024, notes by Paul Johnson entered as Exhibit DTX 411 at the bench trial. Exhibits 3 and 4 are December 17, 2024 emails between Paul Johnson and Eric Maschoff entered as exhibits DTX-417 and 418 at the bench trial. *Id.* at 129-30; 132-33. Exhibit 5 is a Maschoff Brennan billing invoice. The Maschoff Brennan invoices were sealed as Exhibits DTX 160-165 at the bench trial. *Id.* at 102-03.

[5] Exhibit 10, Docket Entry 398-9, is an excerpt of the transcript from the December 30, 2025, deposition of Arpad Dominic Bardos addressing Shoals' marketing efforts to differentiate its

products from Voltage's products. Exhibit 11, Docket Entry 398-10, is an excerpt of the transcript from the June 13, 2025, deposition of Mr. Bardos in the ITC case discussing different solar assembly technology solutions and some of the project bids that Shoals lost. Exhibit 12, Docket Entry 398-11, is an excerpt of the May 30, 2025, deposition of Karen Bazela in the ITC case discussing Shoals' competitors and their differing technology. Exhibit 13, Docket Entry 398-12, is an excerpt from a December 10, 2025, deposition of Ms. Bazela in this case addressing lost project bids and alternative technology solutions for projects.

6

deny the motion to seal Docket Entries 398-9, 398-10, 398-11, and 398-12.

### D. Docket Entry 405

In Docket Entry 405, Voltage moves to redact its Reply to Shoals' Motion for Preliminary Injunction, Docket Entry 404, and moves to seal Exhibit 3 to the Declaration of Philip Ou, Docket Entry 404-1.[6]

With respect to the Reply, the redactions are limited to several lines of text and quotes from emails entered into evidence under seal at the bench trial. Accordingly, the Court will grant the motion to seal and permit the filing of the redacted version of the Reply reflected in Docket Entry 404.

Docket Entry 404-1 (Exhibit 3) is an excerpt from Kimberly Cameron's Rebuttal Expert Report. Voltage asserts that the excerpt "contains confidential information regarding Voltage's internal layouts, configurations and manufacturing process of its products and alternative designs," the disclosure of which could harm its competitive standing. Docket Entry 405-2. Voltage has thus established a compelling interest in protecting this proprietary design information which outweighs the right of public access. Further, a

review of the exhibit indicates that the confidential information is peppered substantially throughout, and a redacted version of the document would not be practical or useful. Accordingly, the Court grants the motion to seal Docket Entry 404-1.

### II. CONCLUSION

This Order provides Voltage with the opportunity to modify overly broad attempts to seal certain exhibits. This is the last such dispensation. The standard for sealing is well-settled and going forward there will be no further second chances to more narrowly tailor a request to seal or provide the Court with additional information necessary to make a reasoned determination prior to unsealing.

**IT IS HEREBY ORDERED** that:

The Motion to Seal, Docket Entry 400, is **GRANTED IN PART AND DENIED IN PART**. The Clerk shall unseal Docket Entries 398-9, 398-10, 398-11, and 398-12.

The Motion to Seal, Docket Entry 405, is **GRANTED.**

**IT IS ORDERED** that, on or before fourteen days from the entry of this Order, Voltage is directed to file in the record a publicly available copy of the

---

[6] In the Motion to Seal, Docket Entry 405, Voltage refers to the document as a Reply, but the docket entry refers to the document as a Response, see Docket

Entries 403 and 404, and the document itself is titled a Supplemental Opposition to Plaintiff's Motion for Preliminary Injunction.

Opposition brief with the redactions as reflected in <u>Docket Entry 398</u>.

**IT IS ORDERED** that, on or before fourteen days from the entry of this Order, to the extent Voltage still asserts <u>Docket Entries 398-1, 398-7, 398-8, 398-13, 398-15, and 398-16</u> (Exhibits 1, 8, 9, 14, 16, and 17) contain confidential information, Voltage is directed to make a renewed showing in support of its request to seal with narrowly tailored redactions of confidential information along with an explanation for the court to understand how disclosure of the redacted material would harm the party or why the request to seal cannot be more narrowly tailored. If Voltage fails to file documents and a renewed showing withing the time allowed, the exhibits will be unsealed.

JoAnna Gibson McFadden
United States Magistrate Judge

May 11, 2026
Durham, NC

8

# APPENDIX A

## Docket Entry 400

| | |
|---|---|
| Voltage's Opposition to Shoals' Motion for Preliminary Injunction, redactions at pages 28, 30[7] | DE 398 |
| Exh. 1, Shoals' Petition for Commission Review in the ITC case | DE 398-1 |
| Exh. 2, Feb. 21, 2024, notes of P. Johnson | DE 398-2 |
| Exh. 3, Dec. 2024, Maschoff Brennan emails (375 Patent) | DE 398-3 |
| Exh. 4, Dec. 2024, Maschoff Brennan emails (376 Patent) | DE 398-4 |
| Exh. 5, Maschoff Brennan invoice | DE 398-5 |
| Exh. 7, Unofficial Tr., Day 3 of Bench Trial | DE 398-6 |
| Exh. 8, Excerpt from Daniel Codd Expert Report | DE 398-7 |
| Exh. 9, Excerpt from Tr. from ITC hearing | DE 398-8 |
| Exh. 10, Excerpt from Dominic Bardos Deposition in this case | DE 398-9 |
| Exh. 11, Excerpt from Dominic Bardos Deposition in ITC case | DE 398-10 |
| Exh. 12, Excerpt from Karen Bazela Deposition in this case | DE 398-11 |
| Exh. 13, Excerpt from Karen Bazela Deposition in ITC case | DE 398-12 |
| Exh. 14, Excerpt from Abe Olson Deposition in ITC case | DE 398-13 |
| Exh. 15, Unofficial Tr., Day 1 of Bench Trial | DE 398-14 |
| Exh. 16, Excerpt from Jurgen Krehnke Deposition in ITC case | DE 398-15 |
| Exh. 17, Excerpt from Ryan Herrington Rebuttal Report in ITC case | DE 398-16 |
| Exh. 18, Record of LYNX Shipments | DE 398-17 |

---

[7] Page citations refer to the page numbers located at the bottom right-hand corner of the document as they appear on CM/ECF.

## Docket Entry 405

| Response/Reply, redactions at pages 7-8 | DE 404 |
|---|---|
| Exhibit 3, Excerpt from Rebuttal Report of Dr. Cameron prepared for this case | DE 404-1 |

11