IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHOALS TECHNOLOGIES GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| | ) | 1:25CV26 |
| | ) | |
| VOLTAGE, LLC, and NINGBO VOLTAGE SMART PRODUCTION CO., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER AND MEMORANDUM OPINION OF UNITED STATES MAGISTRATE JUDGE</u>

This matter comes before the Court on pending motions to seal filed at Docket Entries 422, 425, 430, and 432.[1] For the reasons set forth below, the motions will be granted and denied as detailed at the conclusion of this Order.

### I. DISCUSSION

#### A. Legal Standard

The public has a long-established right of access to judicial records. *Nixon v. Warner, Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The right derives from two sources, the common law and the First Amendment. *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 170–71 (4th Cir. 2024). However, the right of access is not absolute and can be rebutted. *Rushford v. New Yorker, Mag.,* Inc., 846 F.2d 249, 253 (4th Cir. 1988). The burden of establishing a right to seal is on the party claiming the need for confidentiality. *Id.*

The common law right of access applies to all judicial records but can be rebutted if "countervailing interests heavily outweigh the public interests in access." *Id.* The First Amendment right of access is narrower and applies only to particular judicial records and documents. *Doe v. Public Citizen,* 749

---

[1] Appended to this Order and Memorandum Opinion is a chart identifying the documents at issue in each motion.

F.3d 246, 266 (4th Cir. 2014). To overcome the right to access based on the First Amendment a party must show "a compelling governmental interest" and that the restriction is "narrowly tailored." *Id.*

Federal Rule of Civil Procedure 26(c) empowers the court to "protect a party from undue burden or expense, including by restricting access to materials that constitute confidential research, development, or commercial information." *See Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010). In asking the Court to exercise this authority, though, it is insufficient for a party to broadly assert materials contain confidential or sensitive information without providing "specific underlying reasons for the district court to understand how [a party] reasonably could be affected by the release of such information." *Trs. of Purdue Univ. v. Wolfspeed, Inc.*, No. 1:21CV840, 2023 WL 2776193, at *2 (M.D.N.C. Feb. 28, 203) (quoting *Va. Dep't of State Police*, 386 F.3d at 579).

In weighing a motion to seal, a court must consider less drastic alternatives to sealing and if a motion is allowed, the court must "state the reasons" and explain reasons for "rejecting alternatives to sealing." *Va. Dep't of State Police*, 386 F.3d at 576.

### B. Public Notice

Before addressing a motion to seal, a court must give the public notice and a reasonable opportunity to contest the motion. *Doe*, 749 F.3d at 272. The duty to provide notice is satisfied when a motion to seal is docketed "reasonably in advance of deciding the issue." *Stone*, 855 F.2d at 181 (4th Cir. 1988) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The most recently filed motion at issue was filed on March 20, 2026, *see* Docket Entry 432, and the other motions have been pending longer. This has provided the public with adequate notice and a reasonable opportunity to intervene, and no objections have been raised. *See*, *e.g.*, *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (one month and a day satisfied "the 'public notice' prerequisite to entry of a sealing order").

### C. Docket Entry 422

In Docket Entry 422, Voltage moves to seal the unredacted version of its Memorandum in Support of Its Motion to Unseal Trial Exhibits, Docket Entry 421, and Exhibits 2, 3, 6, and 7 attached in support, Docket Entries 421-1, 421-2, 421-3, and 421-4.

As referenced earlier, the right of access, whether derived from the common law or the First Amendment, only applies to documents that are judicial records. *See In re United States for an Order Pursuant to 18 U.S.C. § 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Therefore, the Court must determine whether the materials the parties seek to seal are judicial records. Documents are judicial records "if they play a role in the adjudicative process, or adjudicate substantive rights" such as

2

with an "objective of obtaining judicial action or relief." *Id*. at 290-91.

While the Fourth Circuit has not clarified which right of access attaches to non-dispositive pretrial motions, *see Smithfkline Beecham Corp. v. Abbott Labs.*, No. 1:15CV360, 2017 WL 11552659, at *3 (M.D.N.C. Mar. 7, 2017), courts in this Circuit have concluded that documents filed in support of a purely procedural motion are not judicial records and the right of public access does not apply. *See*, *e.g.*, *Azima v. Del Rosso*, No. 1:20CV954, 2025 WL 2903820, at *1 (M.D.N.C. July 14, 2025); *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV918, 2010 WL 1418312, at *9-10 (M.D.N.C. Apr. 2, 2010). Therefore, the good cause standard under Federal Rule of Civil Procedure 26 will suffice to seal the materials addressed in the motion to seal in Docket Entry 420. *See Kinetic Concepts*, 2010 WL 1418312, at *10; Fed. R. Civ. P. 26(c). Rule 26(c) allows the court for good cause to "protect a party from undue burden or expense, including by restricting access to materials that constitute confidential research, development, or commercial information." *Kinetic Concepts*, 2010 WL 1418312, at *10.

Docket Entries 421-1, 421-2, 421-3, and 421-4 (Exhibits 2, 3, 6, and 7) are excerpts from the bench trial transcripts. The Court has placed these transcripts under seal, at least temporarily. Therefore, the Court will grant the motion to seal <u>Docket Entries 421-1, 421-2, 421-3, and 421-4</u>.

With respect to Docket Entry 421, Voltage moves to redact quotes taken from the transcripts of the bench trial. *See* Docket Entry 421 at 2-5, 9-12. Voltage is not claiming confidentiality of this information on its behalf, *see* Docket Entry 422 at 3, but moves to seal the materials "out of an abundance of caution" and pursuant to its duty under the governing Protective Order. S*ee* Docket Entries 46; 422 at 2-3.

Where the filing party is not the party claiming confidentiality, the party claiming confidentiality must file a response within 14 days to show why sealing is necessary, provide redacted versions of documents that do not need to be fully sealed, and provide unredacted versions of documents if no sealing is required. *See* LR 5.4; Parties' Rule 5.5 Report, Docket Entry 25. Shoals has not filed a response asserting the need to seal any of the materials.

The quotes do derive from the transcripts, which are under seal at this time. However, the proposed redactions cover statements from the bench trial that do not involve any confidential or sensitive information. In the absence of a claim by either party of a specific need to protect the statements, there is not good cause to seal. Consequently, the Court denies the motion to seal <u>Docket Entry 421</u> and directs Voltage to file an unredacted version of the memorandum.

3

### D. Docket Entry 425

In Docket Entry 425, Shoals moves to redact information in Docket Entry 427, its Reply to Defendants' Supplemental Opposition to Motion for Preliminary Injunction, and moves to seal Docket Entries 427-1, 427-2, 427-3, and 427-4, Exhibits A, B, C, and D, respectively, in support of its Reply.

The public right of access for documents filed in connection with a motion for preliminary injunction stems from the First Amendment. *See*, *e.g.*, *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, No. 1:23CV629, 2024 WL 1464744, at *2 (M.D.N.C. Apr. 4, 2024); *RLI Ins. Co. v. Nexus Servs., Inc., No. 18-CV-66*, 2018 WL 10602398, at *1 (W.D. Va. Oct 30, 2018). Therefore, the parties must show a compelling interest that outweighs the right of public access and that there is no less restrictive way to protect the interest. *Doe*, 749 F.3d at 266.

With respect to Docket Entry 427, Shoals has submitted proposed redactions. *See* Docket Entry 427 at 5, 11-13. Voltage has responded that the Reply should be sealed in its entirety. *See* Docket Entry 441 at 1, 5. Voltage argues the Reply contains its "accounting and financial data" and asserts it is not aware of any less restrictive means of protecting the information. *Id.* at 8. Voltage argues that public disclosure of the financial information would harm Voltage because it could be used to "develop competitive prices and sales strategies." Docket Entry 441-1, ¶ 8.

Voltage has demonstrated a compelling interest in protecting its confidential financial information, the disclosure of which could harm its competitive standing. See *Nixon v. Warner Commc'n*, 435 U.S. 589, 598 (1978) (recognizing a court may limit access when records contain "sources of business information that might harm a litigant's competitive standing). However, the 18-page Reply also contains a wealth of non-confidential material such as legal standards, case law, and arguments. *See* Docket Entry 427. Voltage has not demonstrated that the document should be sealed in its entirety. Accordingly, to the extent Shoals has proposed limited redactions of specific financial information in the Reply, a compelling interest supports sealing the materials and thus, the request to seal is narrowly tailored. The Court will grant the motion to seal reflecting Shoals' proposed redactions and keep the unredacted copy of the document in Docket Entry 427 under seal.[2]

Docket Entry 427-1, Exhibit A, is a copy of Shoals' Response to the Petition for Commission Review in the ITC case. Shoals moves to seal the document not on its behalf, but because it is an excerpt from a document designated as confidential business information pursuant to the

---

[2] Shoals has already filed a publicly available copy of the document with redactions in the record at Docket Entry 426.

Case 1:25-cv-00026-MFU-JGM    Document 528    Filed 05/21/26    Page 4 of 10

protective order in the ITC case. Docket Entry 425 at 3. Voltage asserts Docket Entry 427-1 contains confidential information, the disclosure of which would harm Voltage, and has submitted a redacted version of the document. *See* Docket Entries 441 at 7; 441-2. Voltage has redacted one line of text in the document which addresses confidential design details of its solar assembly technology. *See* Docket Entry 441-2 at 17.

There is a compelling interest in protecting Voltage's confidential design information and the request to seal is narrowly tailored. The Court will grant the motion to seal the unredacted version of the document in Docket Entry 427-1 and the redacted version of the exhibit as available in the record, Docket Entry 441-2, is permitted.

Docket Entries 427-2 and 427-3, Exhibits B and C, are copies of documents an accounting firm prepared about Voltage's corporate finances.[3] Voltage asserts that these documents contain confidential information about Voltage's entities, corporate structure, and accounting and financial information. Docket Entry 441 at 7. Voltage asserts that public disclosure of this information would harm its competitive standing by allowing competitors to develop competing pricing and sales strategies. *Id.* Shoals also states that the exhibits contain the parties'

"sensitive business information, disclosure of which may cause substantial harm to their competitive positions." Docket Entry 425 at 4.

Docket Entries 427-2 and 427-3 contain in-depth information about Voltage's private financial information as well as other confidential corporate information. Voltage has shown a compelling interest in protecting this information and there is no less restrictive way to protect the material than by sealing the exhibits. The Court grants the motion to seal Docket Entries 427-2 and 427-3.

Docket Entry 427-4, Exhibit D, is an excerpt from the transcript of the deposition of Ruiyan Ge, a designated representative of Voltage. Voltage has proposed redactions to the transcript, *see* Docket Entry 441-3, protecting its confidential business information regarding Voltage's corporate structure and financial information. Voltage asserts the redacted materials could be used by competitors to develop competing prices and sales strategies. Docket Entry 441 at 7.

Voltage has shown a compelling interest in protecting this information and has narrowly tailored its request to seal. The Court will grant the motion to seal the unredacted version of this document at Docket Entry 427-4 and the redacted version of the

---

[3] Docket Entry 427-2 is a copy of an internal management letter about Voltage's 2022 financial audit. Docket

Entry 427-3 is a copy of Voltage's 2024 corporate financial statement.

exhibit as available in the record, Docket Entry 441-3, is permitted.

### E. Docket Entry 430

In Docket Entry 430, Voltage moves to seal its Memorandum in Support of Its Motion to Reopen Fact Discovery, Docket Entry 430-1, and Exhibits 4, 5, 7, and 10 in support thereto, Docket Entries 430-2 through 430-5.[4] The Motion to Reopen Fact Discovery seeks permission to re-depose Maschoff Brennan attorneys, a purely procedural discovery matter. *See* Docket Entry 430-1 at 4. Therefore, the documents filed in support are not judicial records and a showing of good cause will suffice to seal the documents. *See Kinetic Concepts*, 2010 WL 1418312, at *9-10.

In the motion to seal, Voltage is not asserting confidentiality on its behalf but moves to seal pursuant to its duty under the governing Protective Order because the documents contain information designated confidential business information by Shoals or a third party. *See* Docket Entries 46, 430 at 1. Shoals has not responded to assert or explained the need to seal any of the documents and the time for doing so has expired.

Courts in the Fourth Circuit have repeatedly found that the mere fact

that a document is subject to a protective order does not relieve a party from otherwise establishing the need to seal under the constricts of the law. *United States ex rel Thomas v. Duke Univ.*, No. 1:17CV276, 2018 WL 4211375, at *13 (M.D.N.C. Sept. 4, 2018); *see also Colony Ins. Co. v. Peterson*, No. 1:10CV581, 2012 WL 1047089, at *2 (M.D.N.C. Mar. 28, 2012) (collecting cases).

Consequently, based upon the information before the Court, and even applying a standard of good cause, the materials lack sufficient support to seal. The motion to seal, Docket Entry 430, will be denied and the Court will unseal Docket Entries <u>430-1, 430-2, 430-3, 430-4, and 430-5</u>.

### F. Docket Entry 432

In Docket Entry 432, Voltage moves to seal Docket Entries 433 and 433-1, Exhibits 1 and 7 to Voltage's "O2 Micro Motion." Docket Entry 432 at 1. Voltage asserts the documents contain "information regarding Voltage's internal layouts configurations and manufacturing process of its products" and the disclosure of this information could harm its competitive standing. Docket Entry 432-2 at 2-3.

---

[4] Docket Entry 430-2, Exhibit 4, is an excerpt from the transcript of the November 25, 2025, deposition of Eric Maschoff in this case. Docket Entry 430-3, Exhibit 5, is an excerpt from the transcript of the May 21, 2025, deposition of Paul Johnson in this case. Docket Entry 430-4, Exhibit 7, is a copy

of Plaintiff's First Supplemental Responses to Defendants' Sixth Set of Interrogatories (Nos. 26-30). Docket Entry 430-5, Exhibit 10, is an excerpt from the transcript of a May 14, 2025, hearing before the ALJ in the ITC case.

6

Voltage's "O2 Micro Motion" is Voltage's Motion for Resolution of Claim Construction of "Parallel" under *O2 Micro*. *See* Docket Entry 431. The motion seeks to resolve the meaning of the term "parallel" as applied to the alternative design configuration, a substantive issue in the case. *Id*. Therefore, at a minimum the common law right of access applies to the documents. *See In re Order*, 707 F.3d at 290 (Judicial records "play a role in the adjudicative process, or adjudicate substantive rights.").

Because the interpretation of the term "parallel" could substantially impact the resolution of certain claims between the parties, it is unclear whether the more stringent First Amendment standard might apply. However, because the outcome on the motion to seal is the same under either standard, the Court need not resolve the issue. *See, e.g., Syngenta Crop Prot., LLC v. Wildwood, LLC*, No. 1:15 Cv274, 2017 WL 1168507, at *2 (M.D.N.C. Sept. 11, 2017).

Docket Entry 433, Exhibit 1, is an excerpt from Dr. Codd's expert report in this case. It contains descriptions of Voltage's alternative design for the solar assembly including precise measurements, pictures, and technical illustrations. Docket Entry

433-1, Exhibit 7, is an excerpt from Dr. Cameron's rebuttal expert report in this case. It also contains detailed information about Voltage's alternative assembly design. There is a compelling interest in protecting these proprietary design details which outweighs the public right to access. Furthermore, as the sensitive information is peppered substantially throughout the documents, redacting them would not be practical or useful.[5] Accordingly, the Court will grant the motion to seal Docket Entries 433 and 433-1.

---

[5] It appears Voltage attempted to minimize sealing by filing only the essential portions of the reports. Notably, Docket Entry 433 is essentially the same exhibit filed in Docket Entry 398-7, addressed in the motion to seal in Docket Entry 400. However, in filing the materials in Docket Entry 433 Voltage removed seven pages of clearly non-confidential background and introductory information Voltage improperly moved to seal in Docket Entry 398-7.

## II.    CONCLUSION

**IT IS HEREBY ORDERED** that:

The Motion to Seal, Docket Entry 422, is **GRANTED IN PART AND DENIED IN PART**. On or before 14 days from the entry of this Order, Voltage is directed to file an unredacted copy of Docket Entry 421 unsealed in the record.

The Motion to Seal, Docket Entry 425, is **GRANTED**.

The Motion to Seal, Docket Entry 430, is **DENIED**. The Clerk is directed to unseal Docket Entries 430-1, 430-2, 430-3, 430-4, and 430-5.

The Motion to Seal, Docket Entry 432, is **GRANTED**.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

May 21, 2026
Durham, NC

8

# APPENDIX A

## Docket Entry 422

| | |
|---|---|
| Memorandum in Support of Motion to Unseal Trial Exhibits | DE 421 |
| Exh. 2, Excerpt of Bench Trial Tr. 2/25/26 | DE 421-1 |
| Exh. 3, Excerpt of Bench Trial Tr. 2/26/26 | DE 421-2 |
| Exh. 6, Excerpt of Bench Trial Tr. 3/4/26 | DE 421-3 |
| Exh. 7, Excerpt of Bench Trial Tr. 3/5/26 | DE 421-4 |

## Docket Entry 425

| | |
|---|---|
| Shoals' Response to Defendants' Supp. Opposition to Prelim. Inj. | DE 427 |
| Exh. A, Shoals' Response to Petition for Commission Review in ITC case | DE 427-1 |
| Exh. B, Internal Mgmt. Letter on Voltage's 2022 financial audit | DE 427-2 |
| Exh. C, Voltage's 2024 financial statement | DE 427-3 |
| Exh. D, Excerpt of Ruiyan Ge Deposition in ITC case | DE 427-4 |

## Docket Entry 430

| | |
|---|---|
| Memorandum, Motion to Reopen Fact Discovery | DE 430-1 |
| Exh. 4, Excerpt from Eric Maschoff Deposition | DE 430-2 |
| Exh. 5, Excerpt from Paul Johnson Deposition | DE 430-3 |
| Exh. 7, Plaintiff's First Suppl. Resp. to Sixth Set of Interrogatories | DE 430-4 |
| Exh. 10, Excerpt from May 14, 2025 Hr'g in ITC case | DE 430-5 |

## Docket Entry 432

| | |
|---|---|
| Exh. 1, Excerpt from Dr. Codd's Expert Report | DE 433 |
| Exh. 7, Excerpt from Dr. Cameron's Rebuttal Report | DE 433-1 |